**IN RE SULLIVAN**

[112 N.C. App. 795 (1993)]

————————————————

IN RE: JOHN L. SULLIVAN, III, M.D.

No. 9210SC1142

(Filed 7 December 1993)

**Administrative Law and Procedure § 31 (NCI4th)— Board of Medical Examiners—expungement of records—notice and hearing**
Petitioner was entitled to notice and to an opportunity to be heard pursuant to N.C.G.S. § 150B-38 prior to respondent's decision in a request to expunge records, and the matter was remanded for a hearing, because a dispute involving the existence of allegedly prejudicial information in respondent's public file pertinent to petitioner's license to practice medicine affects petitioner's substantive rights and qualifies as a contested case under N.C.G.S. § 150B-2(2). Petitioner's letter requesting that the material be expunged and indicating that he would be happy to meet with the Board in an informal conference was sufficient to trigger the contested case provisions of N.C.G.S. § 150B-38.

**Am Jur 2d, Administrative Law §§ 359-363, 397-404.**

Appeal by petitioner from order entered 17 August 1992 by Judge W. Steven Allen in Wake County Superior Court. Heard in the Court of Appeals 6 October 1993.

Petitioner, Dr. John L. Sullivan, III, has been licensed to practice medicine in the State of North Carolina since 1977. Additionally, he is licensed to practice medicine in the State of Maryland

and in the State of Indiana. This case involves the North Carolina Board of Medical Examiners' (hereinafter "respondent") denial of petitioner's request to expunge certain information appearing in respondent's records. The information pertains to a "Notice of Charges and Allegations" (dated 11 April 1985) which was subsequently dismissed by respondent on 24 June 1985. Petitioner has made his request for expungement of this information in writing, along with written requests to meet with respondent to present his case, on at least four separate occasions via correspondence with respondent. Respondent has not given petitioner an opportunity for a hearing. Furthermore, no transcript or minutes of respondent's proceedings appear in the record on appeal. Accordingly, we set out in pertinent part correspondence between petitioner and respondent.

On 21 June 1991, petitioner's counsel made petitioner's original request for expungement by the following letter which stated (in addition to a full disclosure of the underlying facts not reprinted here) the following:

> We have been retained by John Lawrence Sullivan, M.D., to represent him in his request to the Board of Medical Examiners of the State of North Carolina to expunge that information in the Board's public records concerning Dr. Sullivan. . . .
>
> . . . .
>
> We respectfully request that the Board expunge the public record that it is maintaining on Dr. Sullivan. . . .
>
> . . . .
>
> Dr. Sullivan will be happy to meet with the Board in an informal conference. We will be happy to provide the Board with additional letters . . . . Additionally, we will be happy to present a memorandum of law to support Dr. Sullivan's request.
>
> In conclusion, the Notice of Charges and Allegations were based on erroneous information received by the Board. Dr. Sullivan has fully cooperated and met all requirements. The information in the public file is prejudicial to Dr. Sullivan. We, on behalf of Dr. Sullivan, respectfully request that the Board, pursuant to its inherent authority, expunge its public record concerning Dr. Sullivan. If the Board is hesitant to expunge the public record concerning Dr. Sullivan, we respect-

fully request an opportunity for Dr. Sullivan to meet with the Board in an informal conference.

On 2 July 1991, the Board sent petitioner's counsel a letter acknowledging receipt of the 21 June 1991 letter, *supra*, and stating that "[t]his matter will be presented to the Board at the next meeting in July and we will advise you of the Board's response as soon as practical after the meeting." The Board's letter did not refer to or respond to petitioner's request to meet with the Board.

On 9 July 1991, petitioner's counsel transmitted another letter to respondent which stated as follows:

> . . . Pursuant to our previous correspondence, we respectfully request the Board of Medical Examiners to expunge the unfavorable information that is in its public file regarding Dr. Sullivan.
>
> The information in the Board of Medical Examiners' public file regarding Dr. Sullivan is prejudicial to him. We are of the opinion that the Board has the authority and responsibility to expunge prejudicial records generated on the basis that Dr. Sullivan's records were [sic]. We, therefore, respectfully urge the Board to expunge the unfavorable information in Dr. Sullivan's public record.
>
> If the Board has any hesitancy in expunging the prejudicial information in Dr. Sullivan's file, I respectfully request an opportunity to meet with the Board to present Dr. Sullivan's interests and at the same time hand up a memorandum of law stating our opinion and that we support Dr. Sullivan's request that the prejudicial information in his public record be expunged.
>
> Dr. Sullivan will also be happy to meet with the Board at any time. As you can appreciate, this is a most serious matter for Dr. Sullivan. The prejudicial information may well imperil Dr. Sullivan's future unless it is expunged. . . .

Sometime prior to 12 August 1991, respondent denied petitioner's request to expunge petitioner's file. On 12 August 1991, counsel for petitioner requested a reconsideration of respondent's denial and forwarded *inter alia* a memorandum of law in support of petitioner's request to expunge the allegedly prejudicial information from his public file. In this letter, petitioner's counsel stated

IN RE SULLIVAN

[112 N.C. App. 795 (1993)]

"I respectfully request an opportunity to meet with counsel to the Board of Medical Examiners of the State of North Carolina in the event that counsel is not inclined to recommend that Dr. Sullivan's record be expunged as requested." On 12 November 1991, petitioner received the following letter from respondent-board:

> At its September meeting the Board of Medical Examiners reconsidered your request to have Dr. Sullivan's records expunged.
>
> As a result of its consideration, the Board again denied your request.

Once again, the Board's letter did not refer to or respond to petitioner's request to meet with the Board. On 18 October 1991, petitioner's counsel sent another letter to respondent which stated:

> I respectfully request an opportunity to meet with the Board during its November meeting to request the Board to reconsider its decision, and I am enclosing a copy of our Memorandum that I shall appreciate you distributing to the Board for review prior to the time that I meet with it.
>
> I sincerely hope that the Board will permit me to appear in behalf of Dr. Sullivan at its November meeting. Dr. Sullivan, of course, will be happy to appear if the Board feels it would be helpful for him to appear before the Board also.

On 9 December 1991, petitioner received the following letter from respondent-board:

> At its recent meeting, the Board of Medical Examiners of the State of North Carolina reviewed your request to have unfavorable information expunged from Dr. Sullivan's public file.
>
> As a result of this review, the Board denies your request. If you have any questions regarding this matter, please advise.

On 7 January 1992, petitioner filed a "Notice of Appeal to the Superior Court of Wake County" seeking judicial review of respondent's decision pursuant to G.S. 150B-45. On 17 August 1992, the trial court entered an order in favor of respondent which concluded that "the Board [respondent] is without statutory authority to expunge its records regarding petitioner and that the decision of the Board should be affirmed in that petitioner is not otherwise entitled to relief." Petitioner appeals.

## IN RE SULLIVAN

[112 N.C. App. 795 (1993)]

*Hollowell, Eldridge & Ingersoll, P.A., by Edward E. Hollowell, James E. Eldridge, and Joan M. Mitchell, for petitioner-appellant.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by Michael E. Weddington, for respondent-appellee.*

EAGLES, Judge.

Petitioner brings forward five assignments of error. Assignment of error No. 6 is not brought forward and is deemed abandoned. N.C.R. App. P. 28(b)(5). After a careful consideration, we reverse and remand.

Respondent is an occupational licensing agency and accordingly must comply with the provisions of Article 3A of Chapter 150B of the General Statutes. G.S. 150B-38(a). Article 3A, G.S. 150B-38 provides *inter alia*:

(b) Prior to any agency action in a contested case, the agency shall give the parties in the case an opportunity for a hearing without undue delay and notice not less than 15 days before the hearing. Notice to the parties shall include:

(1) A statement of the date, hour, place, and nature of the hearing;

(2) A reference to the particular sections of the statutes and rules involved; and

(3) A short and plain statement of the facts alleged.

(c) Notice shall be given personally or by certified mail. If given by certified mail, notice shall be deemed to have been given on the delivery date appearing on the return receipt. If notice cannot be given personally or by certified mail, then notice shall be given in the manner provided in G.S. 1A-1, Rule 4(j1).

(d) A party who has been served with a notice of hearing may file a written response with the agency. If a written response is filed, a copy of the response must be mailed to all other parties not less than 10 days before the date set for the hearing.

(e) All hearings conducted under this Article shall be open to the public. A hearing conducted by the agency shall be

held in the county where the agency maintains its principal office. A hearing conducted for the agency by an administrative law judge requested under G.S. 150B-40 shall be held in a county in this State where any person whose property or rights are the subject matter of the hearing resides. If a different venue would promote the ends of justice or better serve the convenience of witnesses, the agency or the administrative law judge may designate another county. A person whose property or rights are the subject matter of the hearing waives his objection to venue if he proceeds in the hearing.

G.S. 150B-38(b) specifically provides that the agency shall give a party an opportunity for hearing and notice "[p]rior to any agency action in a contested case." G.S. 150B-2(2) defines a "contested case" as "an administrative proceeding pursuant to this Chapter to resolve a dispute between an agency and another person that involves the person's rights, duties, or privileges, including licensing or the levy of a monetary penalty." A dispute involving the existence of allegedly prejudicial information in respondent's public file pertinent to petitioner's license affects petitioner's substantive rights and qualifies as a contested case under G.S. 150B-2(2). Nonetheless, respondent contends that "Dr. Sullivan failed to initiate a contested case under the Administrative Procedure Act. . . . Statutory requirements governing contested cases require that a contested case be commenced 'by filing a petition with the Office of Administrative Hearings.' N.C. Gen. Stat. § 150B-23." However, these provisions apply only to Article 3: under Article 3A, there is no requirement that a petition or other notice be filed with the Office of Administrative Hearings. *Compare* G.S. 150B-23(a) *with* G.S. 150B-38. Accordingly, we hold that petitioner's 21 June 1991 letter was sufficient to trigger the contested case provisions of G.S. 150B-38, *supra*, and that respondent's subsequent action constituted agency action on a contested case which affected the substantive rights of petitioner.

The General Assembly has provided that it is the Board's duty to maintain records regarding licensees. G.S. 90-16. We note that while respondent correctly notes that there is no express statutory authority setting forth guidelines for the expungement of information from the files of the Board of Medical Examiners, the statutory duty to maintain records concerning licensees, G.S. 90-16, carries with it the concomitant responsibility to assure that there is a factual basis for any record maintained and to assure

NATIONWIDE MUTUAL INS. CO. v. CHOICE FLOOR COVERING CO.

[112 N.C. App. 801 (1993)]

that records maintained in obedience to the statute are accurate. This requirement is both reasonable and critically important when the records bear on one's license to engage in an occupational livelihood. *See generally In Re Magee*, 87 N.C. App. 650, 362 S.E.2d 564 (1987).

In sum, we hold that petitioner was entitled to notice and to an opportunity to be heard pursuant to G.S. 150B-38 prior to respondent's decision in this action. Accordingly, we reverse the trial court's order with instructions that the cause be remanded to respondent for a hearing. We need not address petitioner's remaining assignments of error.

Reversed and remanded.

Judges ORR and GREENE concur.